IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH SHERWIN and CECILIA SHERWIN,<br><br>Plaintiffs,<br><br>vs.<br><br>FORMER CHIEF LAUSTEN; CAPTAIN BARCAL; SERGEANT GOMAN; PROPERTY MANAGER; JOHN DOE, MAINTENANCE WORKER; and CITY OF LA VISTA<br><br>Defendants. | **8:26CV461**<br><br>**ORDER** |

This matter is before the Court on Plaintiffs' motion for leave to conduct early discovery. Filing No. 5. Specifically, Plaintiffs seek limited expedited discovery to obtain information they contend is necessary to identify and serve various defendants. Filing No. 5. For the reasons below, the motion will be granted in part and denied in part.

Plaintiffs must show good cause to obtain a court order permitting expedited discovery. *Empirical Foods, Inc. v. Primus Builders, Inc.*, No. 8:19CV457, 2020 WL 5064220, at *15 (D. Neb. Aug. 27, 2020) (quoting Fed. R. Civ. Proc. 26(d)) (collecting cases). "Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery outweighs prejudice to the responding party." *Id.* at *16. Generally, good cause exists if a plaintiff is seeking expedited discovery to issue a subpoena to identify unnamed defendants. *See, e.g.*, *Minnetonka Moccasin Co., Inc. v. Does*, No. 22-cv-87, 2022 WL 1055746, at *2, 4 (D. Minn. Apr. 8, 2022) (collecting cases) ("In certain cases . . . early discovery before a Rule 26(f) conference is appropriate, particularly when the plaintiff cannot identify the defendant without such discovery."); *Jones v. Unnamed*

*Director of Nebraska Department of Correctional Services, et al*., No. 21-cv-251, Filing No. 58 (D. Neb. July 9, 2024).

Here, Plaintiffs demonstrated good cause for the Court to enter an order permitting them to subpoena The Pointe Apartments before the Rule 26(f) conference. It is unlikely Plaintiff will be able to identify and serve the property manager and maintenance worker, who allegedly participated in the warrantless entry into Plaintiffs' residence, without the requested discovery. There is not a reasonable alternative available that will permit Plaintiff to discover Defendants' identities without a subpoena. *Urban Armor Gear, LLC v. Does*, No. 8:19CV414, Filing No. 9 (D. Neb. Oct. 30, 2019). Additionally, the prejudice, if any, to responding party is curable—the recipient may protect its interests by objecting to or moving to quash the subpoena. *See* Fed. R. Civ. Proc. 45(d)(2)(B), (d)(3).

Accordingly, the Court grants the motion as to Plaintiffs' request to obtain discovery from The Point Apartments and directs the Clerk's office to issue a signed, blank subpoena to Plaintiffs. The Court notes it will not complete the form for Plaintiffs nor cause the subpoena to be served.

As to the remaining requests, the undersigned will deny Plaintiffs' motion as moot. Since the filing of their motion, Defendants Chief Lausten, Captain Barcal, Sergeant Goman, and the City of LaVista have voluntarily appeared by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Filing No. 6. As such, Plaintiffs no longer need discovery to obtain information to effectuate service on these defendants. *See* Fed. R. Civ. P 12(h) (discussing when certain defenses are waived); Filing No. 9 at 4. To the extent Plaintiffs seek expedited discovery from Defendants Lausten, Barcal, Goman, and the City of LaVista, that motion is denied as moot.

Accordingly,

IT IS ORDERED:

1) Plaintiffs' motion for limited early discovery, Filing No. 5, is granted in part and denied in part.
2) The Clerk of the Court shall issue Plaintiffs one signed, blank subpoena (Form AO 88B) by mailing it to Plaintiffs.
3) Plaintiffs are advised of the following with regard to the subpoena:
   a. You must properly complete the subpoena. The subpoena must identify the specific documents Plaintiffs seeks. The subpoena shall not request documents beyond the scope of the information sought in his motion, specifically, documents which would result in the discovery of the names and addresses of the unnamed Defendants.
   b. You must follow the rules attached to the subpoena.
   c. Any person who is at least 18 years old and not a party may serve the subpoena. Serving a subpoena requires delivering a copy to the named person. *See* Fed. R. Civ. P. 45(b)(1). In other words, Plaintiffs cannot serve the subpoena themselves, and the Court will not do it for him. There will be fees associated with service of the subpoena that Plaintiffs will be responsible for paying.

Dated this 21st day of September, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge